

# NUMBER 13-25-00141-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ELIZABETH A. MCNUTT,                                                          Appellant,

v.

SENTRY CASUALTY COMPANY AND
GREGORY D. SOLCHER, ATTORNEY
FOR SENTRY CASUALTY COMPANY,                                    Appellees.

## ON APPEAL FROM THE 2ND 25TH DISTRICT COURT
## OF LAVACA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West**
**Memorandum Opinion by Chief Justice Tijerina**

This cause is before the Court on its own motion. On April 25, 2025, before the appellate record was complete, appellant submitted a pro-se brief which generally failed to comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.1. On July 24, 2025, upon receipt of the complete appellate record, the Clerk of the Court sent

appellant notice of the defects in her brief and instructed her to file an amended brief on or before August 22, 2025. On August 22, 2025, appellant submitted another non-compliant brief. On August 25, 2025, the Clerk of the Court notified appellant of the defects and instructed appellant to file an amended brief within ten days from the date of the notice. Appellant was further notified that if she files another brief that does not comply with the Texas Rules of Appellate Procedure, the Court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. TEX. R. APP. P. 38.9(a).

On September 19, 2025, appellant untimely filed a second amended brief. Again, it failed to conform to the Texas Rules of Appellate Procedure. Accordingly, on October 2, 2025, we ordered appellant to amend the brief to conform to the rules within twenty days of the Order. We further ordered that if another brief does not comply, it may be stricken, and the appellant may be prohibited from filing another brief. *See id.* R. 38.9. Appellant was also notified that, in such a circumstance, we may dismiss the appeal for want of prosecution and for appellant's failure to comply with this Court's directive and the appellate rules. *See id.* R. 42.3(b)(c).

On October 27, 2025, appellant filed a third amended brief. Upon review of appellant's third amended brief, we are of the opinion that it fails to comply with Texas Rules of Appellate Procedure 9.4(i)(3) and 38.1(a), (b), (c), (g), and (i). *See id.* R. 9.4(i)(3), 38.1(a), (b), (c), (g), (i). Furthermore, pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

2

If a party files a brief that does not comply with the Texas Rules of Appellate Procedure, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution. *See id.* R. 38.8(a). Additionally, an appellate court may on its own initiative, after giving ten days' notice, dismiss a case for want of prosecution or because the appellant failed to comply with the rules or notice from the clerk required a response or action. *See id.* R. 42.3(b), (c).

Accordingly, we strike appellant's non-conforming brief and order the appeal dismissed for want of prosecution. *See id.*

JAIME TIJERINA
Chief Justice

Delivered and filed on the
11th day of December, 2025.

3